OPINION
Defendant Jay R. Gregory appeals a judgment of the Lancaster Municipal Court of Fairfield County, Ohio, convicting and sentencing him for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT WHEN IT CONVICTED DEFENDANT-APPELLANT OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF OHIO REVISED CODE SECTION 4511.19
(A)(1) WHEN THE GREAT WEIGHT OF THE CREDIBLE EVIDENCE IN THE TRIAL COURT INDICATED THAT ANY RATIONAL TRIER OF FACT COULD NOT HAVE FOUND THAT DEFENDANT-APPELLANT WAS GUILTY OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT.
On March 5, 1999, Ohio State Highway Patrol Trooper Donald Ward stopped appellant for driving 70 m.p.h. in a 55 m.p.h. zone. Upon stopping appellant, Trooper Ward observed signs appellant had been drinking, and eventually cited him for operating his motor vehicle under the influence of alcohol. Two tests of appellant's breath were invalid. The trooper testified appellant's eyes were bloodshot and watery and there was a strong odor of alcoholic beverage coming from his person. Appellant's speech was slow and he had repetitive questions regarding why the trooper had stopped him. Trooper Ward administered a horizontal gaze nystagmus test, a one-leg stand test, and a walk and turn test. Trooper Ward testified appellant's performance on each test was consistent with someone who was under the influence of alcohol. Trooper Ward admitted the only driving infraction he observed was speeding. Appellant admitted consuming two or three beers approximately three hours earlier. Appellant called three witnesses in his defense, all of whom testified regarding their ability to observe appellant on the night in question. All three persons offered as their opinion, appellant was not under the influence of alcohol on the night he was arrested. Appellant urges his conviction is against the manifest weight of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court cited with approval the opinion inState v. Martin (1983), 20 Ohio App.3d 172, which held a reviewing court must examine the entire record, weigh the evidence and all the reasonable inferences, and consider the credibility of witnesses to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. If we find the verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, we must conclude the trial court's judgment is supported by the manifest weight of the evidence, see State v. DeHass (1967), 10 Ohio St.2d 230.
We have reviewed the record, and we find a reasonable trier of fact could have found all the essential elements of the crime proven beyond a reasonable doubt.
Accordingly, the assignment of error is overruled. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Lancaster Municipal Court of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
HOFFMAN, J. and FARMER, J. CONCUR.